Clifford S Davidson, OSB No. 125378
csdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
Telephone: 503.624.6800
Facsimile: 503.624.6888
Attorneys for Plaintiff DePaul Industries, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| DEPAUL INDUSTRIES, INC., an Oregon corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF PORTLAND, a municipal corporation, and BIKO TAYLOR, in his official capacity as Chief Procurement Officer,<br><br>        Defendants. | Case No. 3:21-cv-1792<br><br>COMPLAINT<br>(1) Declaratory judgment<br>(2) 42 U.S.C. § 1983 |

In March 2020, the City of Portland passed a resolution requiring all City contractors performing janitorial, unarmed security and industrial laundry services to obtain a "labor peace agreement" from a union representing those categories of employees. The National Labor Relations Act preempts this resolution because, as City records reenforce, the resolution was created in order to regulate labor relations and give unions "in roads." *See* Ex. 2. Furthermore, because Plaintiff is an Oregon Forward contractor providing employment opportunities to those experiencing disabilities, Oregon laws governing the Oregon Forward program preempt the City's requirement. Finally, the requirement violates the Equal Protection Clause by singling out types of work without justification—other than providing "in roads" to a favored union.

## PARTIES

1.      Plaintiff DePaul Industries, Inc. ("Plaintiff") is an Oregon corporation headquartered in Northeast Portland, Oregon. Plaintiff is an Oregon Forward contractor. The Oregon Forward program is designed to create a continuous market of goods and services created and performed by persons experiencing disabilities. The Oregon Department of Administrative Services has exclusive authority to set prices of all services offered by Oregon Forward contractors such as Plaintiff. Plaintiff provides, among other things, unarmed security services to the City.[1]

2.      Defendant City of Portland ("City") is a municipal corporation.

3.      Defendant Biko Taylor is the City's Chief Procurement Officer. He is responsible for enforcing the labor peace requirement at issue in this lawsuit. He is sued in his official capacity.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the Supremacy Clause of the Federal Constitution and the laws of the United States, including the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, and 42 U.S.C. § 1983. The Court also has jurisdiction pursuant to 28 U.S.C. §§ 2201-2202 as this is an actual controversy about which Plaintiff seeks a declaratory judgment.

5.      The Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1337(a), which provides, among other things, "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . . ." *Capital Serv. Inc. v. NLRB*, 347 U.S. 501, 504 (1954). Pursuant to that statute, federal courts have jurisdiction over claims asserting that local enactments interfere with employee activity that Congress assigned the National Labor Relations Board to regulate. *NLRB v. Nash-Finch Co.*, 404 U.S. 138, 140-41 (1971).

6.      The Court has supplemental jurisdiction over related state law counts pursuant to

---

[1] *See* https://www.oregon.gov/das/Procurement/Pages/oregonforward.aspx.

28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction as all parties are in Multnomah County, Oregon.

8. Venue and divisional venue lie in this Court as all parties are located in Multnomah County and the relevant acts or omissions at issue occurred there.

## FACTUAL BACKGROUND

### A. The City's Sustainable Procurement Policy and Labor Peace Requirement

9. The City has a Sustainable Procurement Policy,[2] which first was enacted in 2003. It is a "Binding City Policy." City Code 1.07.020 defines that term as "statements of the City Council, expressed in a resolution or ordinance, that are directed to future decision-making or procedure and have binding effect or serve as mandatory approval criteria." The Sustainable Procurement Policy is known as ADM-1.09.

10. On March 25, 2020, the Portland City Council adopted Resolution 37483. Among other things, that Resolution amended ADM 1.09 to include a "Labor Peace" requirement for all janitorial, security, and industrial laundry service contracts. A copy of the Labor Peace requirement is attached as Exhibit 1 and is incorporated herein by this reference (the "Labor Peace Requirement"). Here is the text of the Labor Peace Requirement:

> For janitorial, security, and industrial laundry service contracts, a contractor shall provide written documentation of "labor peace" with a labor organization that represents employees providing similar services in the states of Oregon or Washington and that represents or seeks to represent any group of the contractor's or subcontractor's employees who are or will be involved in providing such services.
>
> Labor peace shall be defined as a written provision in an agreement or contract whereby a labor organization (as defined by 29 U.S.C. §152(5)), for itself and its members, agrees to refrain from engaging in any picketing, work stoppages, or any other economic interference with the contractor's or subcontractor's performance of services. The labor peace provision must be signed

---

[2] *Available at* https://www.portlandoregon.gov/citycode/article/24473.

or certified by an authorized representative of the labor organization not more than one year prior to the contractor providing such documentation and must be effective for the duration of the service contract. This labor peace requirement expires at the termination of the contract between the City and the contractor.

Nothing in this section requires a contractor or subcontractor to recognize a particular labor organization or to enter into a collective bargaining agreement establishing the substantive terms and conditions of employment. Nor is this section intended to enact or express any generally applicable policy regarding labor/management relations, or to regulate those relations in any way, or to provide a preference for any outcome in the determination of employee preference regarding union representation.

Any failure to comply with this requirement and any service disruption as a result of a labor dispute will subject a contractor to liquidated damages and possible termination of the service contract.

If the City receives responses to a Request for Proposals and none of the responses provide written documentation of "labor peace", the City's may proceed with an award only if the selected proposer can certify that it: 1) Does not have an exclusive bargaining representative representing its employees; 2) Gave written notice to any and all labor organization/s that represent employees providing similar services in the states of Oregon or Washington or that represent any group of the contractor's or subcontractor's employees who are or will be involved in providing such services of its desire to jointly develop "labor peace," and, the applicable labor organization/s failed to respond within three (3) weeks or the applicable labor organization/s represent that they are not seeking to become the exclusive representative of the contractor's employees; and 3) Certifies that it has no reason to believe a labor dispute will occur for the term of the contract.

A party asserting the existence of any written notice required by this section, including a labor organization's assertion that it did respond to the employer's notice, must produce physical evidence that the notice was in fact received by the other party.

11. Despite its stated policy of neutrality, the City intended the Labor Peace

Requirement to provide "in roads" to unions representing janitorial, unarmed security and

laundry workers, such as non-party SEIU Local 49. Here is how Derek Bradley, Commissioner Hardesty's Policy Director and architect of the Labor Peace Requirement, described the policy (while also indicating that its true purpose should not be disclosed):

> Here are the notes from Derek's debrief
>
> Makes it so that when the city contracts out janitorial, laundry, or security, the company must meet 1 of 2 factors
> 1. Workforce must be unionized
> 2. Workforce must sign a labor peace agreement with their employer that working conditions and business practices are fair, safe, non-exploitive, fair work week, etc.
>
> Employer and city agrees they will not strike during duration of contract unless working conditions significantly change. Allows unions to build in roads into non-unionized shops with an assurance that employers won't stand in the way of unionization efforts (Don't include in public message). Unions are neutral arbitrator to help non-organized workforce create agreements with their employer. Our office has been deeply engaged in getting this passed. Message from the city is to focus on promoting this as helpful to maintaining critical services.

*See* Ex. 2.³

12. The Labor Peace Requirement was created through at least one meeting between Derek Bradley and non-party SEIU Local 49, which represents janitorial, unarmed security and laundry workers. It is unclear whether any other union was invited to participate in creating the Labor Peace Requirement. However, what is clear is that no contractors were invited.

**B.** **The City Refuses to Contract with Plaintiff Absent a Labor Peace Agreement**

13. In November 2021, Plaintiff and the City began to finalize a Work Order Contract pursuant to which Plaintiff would perform unarmed security services in certain Portland parks. The effective date of the contract was to be December 1, 2021.

14. As of December 1, 2021, the parties had agreed on all contract terms and it was ready to be signed, but Plaintiff had not obtained a labor peace agreement.

15. Plaintiff was (and remains) reluctant to obtain a labor peace agreement due to the experience its sister company had in doing so. There, SEIU Local 49 presented a lopsided, overreaching and unconscionable contract. For example, the SEIU Local 49's proposed labor peace agreement sought to cover its entire jurisdiction—Columbia, Clackamas, Multnomah and Washington Counties in Oregon, and Clark County in Washington—not just work performed for the City.

---

³ Mr. Bradley responded to the email containing this summary, "Looks good to me!" Ex. 2 at 1.

16. Worse, SEIU Local 49 forbade oversight or scrutiny. The proposed labor peace agreement mandated a "recognition procedure" whereby Plaintiff's sister company would have to recognize the union by card check, to have the SEIU Local 49 become the representative of the employees without certification by the National Labor Relations Board, and contained a confidentiality provision. In addition, the SEIU Local 49's proposed Labor Peace Agreement purported to require Plaintiff's sister company to violate the NLRA by contributing support to its unionizing efforts.

17. On December 7, 2021, the City notified Plaintiff that the City would not award the parks security services contract to Plaintiff because it did not obtain a labor peace agreement.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment)**

**(Count 1, NLRA preemption, against all defendants)**

18. Plaintiff incorporates and realleges the foregoing paragraphs as though set forth here in full.

19. The Supremacy Clause of the Federal Constitution authorizes Congress to enact legislation preempting state and local laws. The NLRA is one such law. In passing the NLRA, Congress has struck a delicate balance between the rights of private employers, employees, and unions involved in organizational efforts. Congress also established a comprehensive regulatory scheme to ensure that this balance is maintained and enforced under the exclusive jurisdiction of an expert agency: the National Labor Relations Board.

20. A live controversy exists that is ripe for determination and that would be redressable through equitable relief. The City has stated that it will not award a contract for unarmed security to Plaintiff, including the one denied on December 7, 2021, absent Plaintiff's obtaining a labor peace agreement from a union representing unarmed security guards in Oregon or Washington (*i.e.*, SEIU Local 49). Plaintiff, based on the recent negative experience of its sister company, does not wish to do so and does not believe the Labor Peace Requirement is valid. Plaintiff is ready, willing and able to perform work for the City should the City agree not

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

to require a labor peace agreement as a condition of contracting.

21. The Labor Peace Requirement conflicts with, regulates, and readjusts the delicate balance of rights Congress struck in the NLRA. It strips employers, employees, and unions of rights they have under the NLRA, and deprives the NLRB of its exclusive jurisdiction to determine whether, when, and how union organizing will take place. The NLRA therefore preempts the Labor Peace Requirement by virtue of the Supremacy Clause of the United States Constitution. Plaintiff seeks a declaration from this Court that the NLRA preempts the Labor Peace Requirement, and that the Labor Peace Requirement therefore is invalid.

22. Plaintiff also seeks temporary, preliminary or permanent injunctive relief enjoining Defendants from enforcing the Labor Peace Requirement.

**(Count 2, preemption by Oregon law, against all defendants)**

23. Plaintiff incorporates and realleges all foregoing paragraphs as though set forth here in full.

24. The City may not enforce the Labor Peace Requirement against Plaintiff, or any other Oregon Forward contractor providing janitorial, unarmed security or laundry services to the City, because the City may not impose requirements additional to those provided in the statutes and regulations governing Oregon Forward contractors.

25. ORS 279.835 to 279.855, and OAR 125-055-0005 to 125-455-0045, embody the State's general policy to "encourage and assist individuals with disabilities to achieve maximum personal independence." *See* ORS 279.840 (so stating). ORS 279.845 vests the Oregon Department of Administrative Services ("DAS") with exclusive authority to determine the price of all services offered for sale to public agencies, make rules to carry out the purpose of the Oregon Forward Program, generally "promote the requirements" of the Oregon Forward Program, and to determine and publish the suitability of Oregon Forward Contractors.

26. ORS 279.845 (3) prohibits DAS from delegating its duties to any "public agency

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

outside the department."

27. ORS Ch. 279 broadly applies to any political subdivision in Oregon, which includes the City.

28. Fundamentally, the Oregon Forward program depends on uniform enforcement. Its express purpose is to "assur[e] an expanded and constant market for products and services produced by qualified nonprofit agencies for individuals with disabilities[.]" ORS 279.840. If cities could decide individually whether and under what substantive terms to contract with Oregon Forward Contractors, then the state-run policy scheme would collapse.

29. DAS maintains a list of approved Oregon Forward contractors and the products and services they provide, ORS 279.845(2), and public agencies are required to select contractors from that list when they want to procure such products or services. ORS 279.850(1)(a).

30. DAS regulations further prohibit cities from altering the terms of contracts subject to the Oregon Forward Program. Among other things, they prohibit cities from developing "specifications that inhibit or tend to discourage" contracting with Oregon Forward contractors. OAR 125-055-0010(1)(a). DAS regulations also expressly prohibit cities from altering pricing terms. OAR 125-055-0010(1). Moreover, OAR 125-055-0006 acts as a prohibition on cities, stating "[Oregon Forward Contractors] and Agencies may not execute or implement any contract under the Oregon Forward Program until the Department has transmitted its notice of the Price determination."

31. DAS admonishes that public agencies "must keep in mind the purpose of the law: to encourage and assist Individuals with Disabilities to achieve maximum personal independence in their communities through productive, gainful employment by assuring an expanded and constant market for Oregon Forward products and services." OAR 125-055-0010(3).

32. The Oregon Forward program does give public agencies authority to require Oregon Forward contractors to "comply with applicable local ordinances or resolutions that govern labor standards." ORS 279.850(2)(a). But DAS rules narrowly define "labor standards" for purposes of that statue to mean five expressly identified working conditions. OAR 125-055-

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

0040(8). Requiring a labor peace agreement is not one of them.

33. Plaintiff respectfully requests a declaratory judgment that the City cannot validly enforce the Labor Peace Requirement as it is preempted by the State's Oregon Forward Program, ORS 279.835 to 279.855, and OAR 125-055-0005 to 125-455-0045.

34. Plaintiff also seeks temporary, preliminary and permanent injunctive relief enjoining the City from enforcing the Labor Peace Requirement against Plaintiff.

**(Count 3, Oregon Constitution Art. 1, section 20, against the City)**

35. Plaintiff incorporates and realleges paragraphs 1 through 17 as though set forth here in full.

36. Article 1, section 20 of the Oregon Constitution requires that privileges and immunities be available on an equal basis: "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

37. As Exhibit 2 demonstrates, the purpose of the Labor Peace Requirement was to privilege labor unions over other private organizations by giving them "in roads."

38. The City lacked legitimate justification for privileging unions over other private organizations.

39. Plaintiff respectfully requests a declaratory judgment that the Labor Peace Requirement violates Article 1, section 20 of the Oregon Constitution and therefore is void.

40. Plaintiff also seeks temporary, preliminary and permanent injunctive relief enjoining the City from enforcing the Labor Peace Requirement.

**SECOND CLAIM FOR RELIEF**

**(42 U.S.C. § 1983 – Equal Protection)**

**(Against the City)**

41. Plaintiff incorporates and realleges all prior paragraphs as though set forth here in

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

full.

42. The City has deprived Plaintiff of equal protection of the laws pursuant to the Fourteenth Amendment to the Federal Constitution.

43. The City has singled out contractors, such as Plaintiff, that contract with the City to provide janitorial services, unarmed security, and industrial laundry. Contractors performing these services are the only ones subject to the Labor Peace Requirement.

44. The City lacks a legitimate basis for this distinction among contractors. Indeed, as Exhibit 2 indicates, as do other public records uncovered so far, it appears that the City created this distinction in order to give a favored union, SEIU Local 49, which represents workers in those categories, "in roads" into City contractors such as Plaintiff.

45. The City has damaged Plaintiff in an amount according to proof but not less than nominal damages.

46. Plaintiff respectfully requests a declaration that the Labor Peace Requirement violates the Equal Protection Clause.

47. Plaintiff also seeks temporary, preliminary and permanent injunctive relief enjoining the City from enforcing the Labor Peace Requirement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. A judgment declaring that the National Labor Relations Act preempts the Labor Peace Requirement, which therefore is invalid;

B. A judgment declaring that ORS 279.835 to 279.855, and OAR 125-055-0005 to 125-455-0045, preempt the Labor Peace Requirement with respect to City contractors that are Oregon Forward contractors;

C. A judgment declaring that the Labor Peace Requirement violates Article 1, section 20 of the Oregon Constitution and therefore is void;

D. A judgment declaring that the Labor Peace Requirement violates the Equal Protection clause of the Fourteenth Amendment to the Federal Constitution;

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

E. With respect to Counts 1 and 3 of the First Claim for Relief, and to the Second Claim for Relief, a temporary, preliminary or permanent injunction restraining Defendants and their agents from enforcing the Labor Peace Requirement.

F. With respect to Count 2 of the First Claim for Relief, a temporary, preliminary or permanent injunction restraining Defendants and their agents from enforcing the Labor Peace Requirement against Oregon Forward contractors;

G. With respect to the Second Claim for Relief, actual damages, nominal damages, reasonable attorney fees and expert fees pursuant to 42 U.S.C. § 1988;

H. An award of costs; and

I. Such further relief as the Court deems necessary or just.

DATED this 10th day of December, 2021.

SNELL & WILMER L.L.P.

/s/ Clifford S. Davidson
Clifford S Davidson, OSB No. 125378
Drew L. Eyman, OSB No. 163762
Attorneys for Plaintiff DePaul Industries, Inc.

4853-9711-4630