ANNE MILLIGAN, OSB #111615
Deputy City Attorney
anne.milligan@portlandoregon.gov
FALLON NIEDRIST, OSB #145146
Deputy City Attorney
fallon.niedrist@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DEPAUL INDUSTRIES, INC.**, an Oregon corporation, | 3:21-cv-01792-HL |
| PLAINTIFF, | **CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| **CITY OF PORTLAND**, a municipal corporation, | |
| DEFENDANT. | |

COMES NOW Defendant City of Portland ("City") and in response to Plaintiff's Complaint, herein admits, denies and alleges as follows:

### PRELIMINARY STATEMENT

1. Defendant admits that Plaintiff's Complaint seeks damages. Defendant denies that it violated any law and denies that Plaintiff should take anything by this cause.

2. Defendant admits that Plaintiff's Complaint seeks declaratory and injunctive relief. Defendant denies that it violated any law and denies that Plaintiff should take anything by this cause.

3. Defendant admits that Plaintiff's Complaint contains claims under federal and

Page 1 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

state law. Defendant denies that it violated any law and denies that Plaintiff should take anything by this cause.

4.  To the extent Defendant has not specifically admitted allegations in this Answer and Affirmative Defenses, all allegations are hereby denied.

## PARTIES

5.  Answering ¶ 1, Defendant is without sufficient knowledge to admit or deny the allegations in ¶ 1 of Plaintiff's Complaint and therefore denies the same.

6.  Answering ¶ 2, Defendant admits ¶ 2 of Plaintiff's Complaint.

7.  Answering ¶ 3, Defendant admits Biko Taylor is the City's Chief Procurement Officer. Any remaining allegations in ¶ 3 of Plaintiff's Complaint are denied. Defendant alleges in the alternative that on or around February 3, 2022, Plaintiff dismissed Biko Taylor from this litigation.

## JURISDICTION AND VENUE

8.  Answering ¶ 4, Defendant admits that jurisdiction is proper. Any remaining allegations in ¶ 4 of Plaintiff's Complaint are denied.

9.  Answering ¶ 5, Defendant admits that jurisdiction is proper. Any remaining allegations in ¶ 5 of Plaintiff's Complaint are denied.

10. Answering ¶ 6, Defendant admits ¶ 6 of Plaintiff's Complaint.

11. Answering ¶ 7, Defendant admits ¶ 7 of Plaintiff's Complaint.

12. Answering ¶ 8, Defendant admits ¶ 8 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

13. Answering ¶ 9, Defendant admits it has a Sustainable Procurement Policy, adopted by City Council originally on June 11, 2003 as Resolution No. 36145. Defendant admits its Sustainable Procurement Policy is a binding City policy and is numbered as ADM-1.09. Defendant admits that Portland City Code 1.07.020 defines a "binding City policy," in part, as "statements of the City Council, expressed in a resolution or ordinance, that are directed to future

Page  2 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

decision-making or procedure and have a binding effect or serve as mandatory approval criteria." Defendant alleges that the remainder of the definition of a "binding City policy" under PCC 1.07.020 states, "Such resolutions or ordinances must state in their text that the policy is being adopted as a 'Binding City Policy.' Examples include policies establishing requirements for City employees or other matters regulating the City's budget and internal management. This category of policies excludes Comprehensive Plan policies, which are organized separately." Any remaining allegations in ¶ 9 of Plaintiff's Complaint are denied.

14. Answering ¶ 10, Defendant admits that on March 25, 2020, City Council adopted Resolution 37483, which amended ADM-1.09. Defendant admits that its Sustainable Procurement Policy requires "written documentation of 'labor peace'" for its janitorial, security, and industrial laundry service contracts. Defendant asserts that the current versions of ADM-1.09, including Exhibit A to that policy, can be located at www.portland.gov/policies/administrative/purchasing/adm-109-sustainable-procurement-policy. Defendant asserts that ADM-1.09, including Exhibit A, speak for themselves. Any remaining allegations in ¶ 10 of Plaintiff's Complaint are denied.

15. Answering ¶ 11, Defendant denies ¶ 11 of Plaintiff's Complaint.

16. Answering ¶ 12, Defendant admits some individuals at SEIU Local 49 were in contact with some City employees during and about the creation of the labor peace requirement in ADM-1.09. Any remaining allegations in ¶ 12 of Plaintiff's Complaint are denied.

17. Answering ¶ 13, Defendant admits.

18. Answering ¶ 14, Defendant denies.

19. Answering ¶ 15, Defendant is without sufficient knowledge to admit or deny the allegations in ¶ 15 of Plaintiff's Complaint, and therefore denies the same.

20. Answering ¶ 16, Defendant is without sufficient knowledge to admit or deny the allegations in ¶ 16 of Plaintiff's Complaint, and therefore denies the same.

21. Answering ¶ 17, Defendant admits that on December 7, 2021, the City sent an

Page 3 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

email notifying Plaintiff that under ADM-1.09, the City could not move forward with the contract with Plaintiff without a labor peace agreement in place. Defendant further alleges that after this lawsuit was filed, the City agreed to temporarily waive the labor peace agreement requirement of ADM-1.09 pending the outcome of this litigation such that Plaintiff could contract with the City for unarmed security services without obtaining a labor peace agreement. On or around January 7, 2022, the parties recommenced negotiating the agreement, and currently, the parties' contract is awaiting approval from the Department of Administrative Services. Any remaining allegations in ¶ 17 of Plaintiff's Complaint are denied.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

### (Count 1: NLRA Preemption, Against All Defendants)

22. Answering ¶ 18, Defendant restates and reincorporates its admissions and denials as stated above.

23. Answering ¶ 19, to the extent that Plaintiff's ¶ 19 consists of mere legal conclusions, no response is required. Any remaining allegations in ¶ 19, and to the extent a response is required, denied. Plaintiff should take nothing by this action.

24. Answering ¶ 20, Defendant is either without sufficient knowledge to admit or deny the allegations contained therein, or denies the allegations. Accordingly, Defendant denies the allegations contained in ¶ 20 of Plaintiff's Complaint. Plaintiff should take nothing by this action.

25. Answering ¶ 21, to the extent that Plaintiff's ¶ 21 consists of mere legal conclusions, no response is required. To the extent a response is required, denied. Plaintiff should take nothing by this action.

26. Answering ¶ 22, to the extent a response is required, denied. Plaintiff should take nothing by this action.

Page  4 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

**(Count 2: Preemption by Oregon Law, Against All Defendants)**

27.     Answering ¶ 23, Defendant restates and reincorporates its admissions and denials as stated above.

28.     Answering ¶ 24, to the extent that Plaintiff's ¶ 24 consists of mere legal conclusions, no response is required. To the extent a response is required, denied. Plaintiff should take nothing by this action.

29.     Answering ¶ 25, to the extent that Plaintiff's ¶ 25 consists of mere legal conclusions, no response is required. To the extent a response is required, denied. Plaintiff should take nothing by this action.

30.     Answering ¶ 26, to the extent that Plaintiff's ¶ 26 consists of mere legal conclusions, no response is required. To the extent a response is required, denied. Plaintiff should take nothing by this action.

31.     Answering ¶ 27, to the extent that Plaintiff's ¶ 27 consists of mere legal conclusions, no response is required. To the extent a response is required, denied. Plaintiff should take nothing by this action.

32.     Answering ¶ 28, to the extent that Plaintiff's ¶ 28 consists of mere legal conclusions, no response is required. To the extent a response is required, denied. Defendant is also without sufficient knowledge to admit or deny allegations in ¶ 28, therefore denies the same. Plaintiff should take nothing by this action.

33.     Answering ¶ 29, Defendant admits that DAS maintains a list of approved Oregon Forward contractors and the products and services they provide. To the extent that Plaintiff's ¶ 29 consists of mere legal conclusions, no response is required. To the extent a response is required and as to any other allegations in ¶ 29, denied. Plaintiff should take nothing by this action.

34.     Answering ¶ 30, to the extent that Plaintiff's ¶ 30 consists of mere legal conclusions, no response is required. To the extent a response is required, denied. Plaintiff

Page  5 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

should take nothing by this action.

35. Answering ¶ 31, to the extent that Plaintiff's ¶ 31 consists of mere legal conclusions, no response is required. To the extent a response is required, denied. Plaintiff should take nothing by this action.

36. Answering ¶ 32, to the extent that Plaintiff's ¶ 32 consists of mere legal conclusions, no response is required. To the extent a response is required, denied. Plaintiff should take nothing by this action.

37. Answering ¶ 33, to the extent a response is required, denied. Plaintiff should take nothing by this action.

38. Answering ¶ 34, to the extent a response is required, denied. Plaintiff should take nothing by this action.

**(Count 3: Oregon Constitution, Art. I, Section 20, Against the City)**

39. Answering ¶ 35, Defendant restates and reincorporates its admissions and denials as stated above.

40. Answering ¶ 36, to the extent that Plaintiff's ¶ 36 consists of mere legal conclusions, no response is required. To the extent a response is required, denied. Plaintiff should take nothing by this action.

41. Answering ¶ 37, Defendant denies.

42. Answering ¶ 38, Defendant denies.

43. Answering ¶ 39, to the extent a response is required, denied. Plaintiff should take nothing by this action.

44. Answering ¶ 40, to the extent a response is required, denied. Plaintiff should take nothing by this action.

**SECOND CLAIM FOR RELIEF**

**(42 U.S.C. § 1983—Equal Protection, Against the City)**

45. Answering ¶ 41, Defendant restates and reincorporates its admissions and denials

Page 6 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

as stated above.

46. Answering ¶ 42, to the extent that Plaintiff's ¶ 42 consists of mere legal conclusions, no response is required. To the extent a response is required, denied. Plaintiff should take nothing by this action.

47. Answering ¶ 43, Defendant admits the labor peace requirement under ADM-1.09 applies to "janitorial, security, and industrial laundry service contracts." Any remaining allegations in ¶ 43 of Plaintiff's Complaint are denied.

48. Answering ¶ 44, denied.

49. Answering ¶ 45, denied.

50. Answering ¶ 46, to the extent a response is required, denied. Plaintiff should take nothing by this action.

51. Answering ¶ 47, to the extent a response is required, denied. Plaintiff should take nothing by this action.

## PRAYER FOR RELIEF

52. To the extent that Plaintiff's Prayer for Relief consists of mere legal conclusions or a request for damages, declaratory relief, injunctive relief, and any other forms of relief, no response is required. To the extent a response is required, denied. Plaintiff should take nothing by this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

53. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Discriminatory Reasons for Actions Taken)

54. Defendant had valid, good faith, lawful, objectively reasonable and non-discriminatory grounds for all actions taken with respect to the adoption of ADM-1.09, and such

Page  7 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

actions were not based on improper motive or taken for any improper purpose.

### THIRD AFFIRMATIVE DEFENSE
### (Tort Claim Limits)

55. Plaintiff is entitled to no greater relief than that provided by the terms and provisions of the Oregon Tort Claims Act, especially as to limitation of general damages and prohibition of any punitive damage award. Plaintiff's recovery on state law claims is limited as provided by the Oregon Tort Claims Act, ORS 30.260 through ORS 30.300.

56. Plaintiff's claimed relief is limited or barred by the limitations of the Oregon Tort Claims Act including, but not limited to, the applicable statute of limitations, the notice requirements, and the limits on recovery of damages.

### FOURTH AFFIRMATIVE DEFENSE
### (Home-Rule City)

57. As to Plaintiff's state law claims, Defendant is a home-rule city and entitled to adopt rules and policies not specifically preempted by the Oregon Legislature.

### FIFTH AFFIRMATIVE DEFENSE
### (Mitigation)

58. Plaintiff failed to mitigate damages.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend as provided by the civil rules, including but not limited to, its right to move the Court to amend its Answer in order to assert additional defenses as may become known to it during the course of discovery.

///

///

///

///

Page 8 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

## CONCLUSION

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that Plaintiff's Complaint be dismissed and that judgment be entered in Defendant's favor and for its costs and disbursements incurred herein, in addition to such other relief as may be justified.

DATED: March 31, 2022.

Respectfully submitted,

*/s/ Fallon Niedrist*
ANNE MILLIGAN, OSB #111615
Deputy City Attorney
anne.milligan@portlandoregon.gov
FALLON NIEDRIST, OSB #145146
Deputy City Attorney
fallon.niedrist@portlandoregon.gov
*Of Attorneys for Defendant*

Page  9 – CITY OF PORTLAND'S ANSWER AND AFFIRMATIVE DEFENSES

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089