ANNE MILLIGAN, OSB #111615
Deputy City Attorney
anne.milligan@portlandoregon.gov
FALLON NIEDRIST, OSB #145146
Deputy City Attorney
fallon.niedrist@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DEPAUL INDUSTRIES, INC., an Oregon corporation,** | **3:21-cv-01792-HL** |
| **PLAINTIFF,** | **JOINT RULE 26(F) REPORT AND DISCOVERY PLAN** |
| v. | |
| **CITY OF PORTLAND, a municipal corporation,** | |
| **DEFENDANT.** | |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties met in person on April 5, 2022, for the planning of discovery in this action. Clifford Davidson and Drew Eyman, Snell & Wilmer, attended for Plaintiff. Anne Milligan and Fallon Niedrist, Deputy City Attorneys, attended for Defendant City of Portland.

The parties propose the following discovery plan for this action, pursuant to Fed. R. Civ. P. 26(f)(3):

1.  <u>Initial Disclosures</u>:  To be exchanged on May 5, 2022.

2.  <u>Subject(s) of Discovery</u>:  The parties anticipate discovery will be had on the claims and issues raised by the Complaint, and the claims and issues raised by Defendant's Answer and

Page  1  –  JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Affirmative Defenses.

3.    <u>Issues Regarding Electronically Stored Information ("ESI")</u>: The parties do not anticipate any issues regarding ESI in this case, including the form(s) in which it is to be produced. Most ESI will not be produced in native format, but the parties have agreed that Word redline documents will be produced in native and PDF (to facilitate bates labeling) and that emails will be produced adjacent to any of their respective email attachments. With respect to the latter, the parties will produce each email/attachment combination as a separate PDF. The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology. A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology. Focused terms and queries should be employed; broad terms or queries generally should be avoided where possible, consistent with the parties' need to prepare for trial. Nothing in this statement limits any party's right to make full use of the discovery procedures provided in the Federal Rules of Civil Procedure or Local Rules.

4.    <u>Claims of Privilege or Protection</u>:  The parties will confer on any discovery disputes concerning any applicable privilege and/or protection as to trial preparation materials prior to seeking judicial assistance. If the parties cannot come to an agreement on any areas of dispute, the parties will follow the applicable provisions in the Federal Rules of Civil Procedure and Local Rules concerning discovery disputes.

The parties would like to flag for the Court that there might be motions practice concerning potential waiver of the attorney-client privilege and work product protections. Specifically, public records related to the acts alleged in the Complaint contain analyses from the City Attorney's Office. These analyses are relevant to Plaintiff's claims. There might, at some point, be a dispute

Page  2  –  JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

about whether there has been a partial or full waiver of privilege or work product protections.

  5. <u>Limitations on Discovery</u>:  The parties agree that they do not foresee any other limitation on discovery not set forth in the applicable provisions of the Federal Rules of Civil Procedure and Local Rules concerning discovery.

  6. <u>Any Other Necessary Orders</u>:  Plaintiff anticipates filing an early motion for partial summary judgment motion on a pure issue of law (state-law preemption of the City's labor peace requirement) that, if decided in plaintiff's favor, could result in dismissal of remaining claims. The parties seek clarification from the Court whether it is amenable to multiple summary judgment motions: a unilateral motion now and, if the litigation continues, cross-motions after the close of discovery.

  It the Court is amenable to this phased summary judgment approach, then the parties request leave to file a Concise Statement of Material Facts pursuant to LR 56-1(a) in connection with either or both motions. Especially with respect to the contemplated early motion, the parties anticipate that most of the relevant facts will be agreed upon.

  7. <u>Proposed Schedule for Conducting Discovery/Pleading Amendments/Dispositive Motions</u>:  The parties respectfully request the following deadlines in this case:

   a) Completion of discovery, as that term is defined in the Local Rules, on January 31, 2023;

   b) The parties agree to file any amended pleadings, and Plaintiff agrees to name additional parties, if any, no later than January 31, 2023;

   c) The parties will exchange expert disclosures and reports, pursuant to Fed. R. Civ. P. 26(a)(2)(D), no later than thirty days after the Court's ruling on dispositive motions. Any rebuttal disclosure and report(s) are due two weeks thereafter. The parties would request a deadline to take expert depositions, if any, be set after the court's ruling on dispositive motions; and

Page  3  –  JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

      d)      Dispositive motions are to be filed by May 2, 2023. Please note that Plaintiff anticipates filing an early motion for partial summary judgment regarding whether state law preempts the City's labor peace policy. *See* Section 6, above.

8.     <u>Deadline for ADR Report</u>:  To be set via conference with the court after the court's ruling on dispositive motions, if any.


The parties agree to the proposals set forth above, and acknowledge that any changes to, or extensions of, Court-imposed deadlines may be made only through the procedures of Fed. R. Civ. P. 16 and LR 16-3.


Dated:  April 7, 2022

Respectfully submitted,

_____
ANNE MILLIGAN, OSB #111615
Deputy City Attorney
anne.milligan@portlandoregon.gov
FALLON NIEDRIST, OSB #145146
Deputy City Attorney
fallon.niedrist@portlandoregon.gov

*Of Attorneys for Defendant*


SNELL & WILMER LLP


   s/ Clifford S. Davidson
_____
CLIFFORD S. DAVIDSON, OSB #125378
csdavidson@swlaw.com
DREW EYMAN, OSB #163762
deyman@swlaw.com

*Of Attorneys for Plaintiff*

4895-9626-7291

Page  4  –  JOINT RULE 26(f) REPORT AND DISCOVERY PLAN