Clifford S Davidson, OSB No. 125378
csdavidson@swlaw.com
Drew L. Eyman, OSB No. 163762
deyman@swlaw.com
SNELL & WILMER L.L.P.
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
Telephone:  503.624.6800
Facsimile:  503.624.6888
Attorneys for Plaintiff DePaul Industries, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DEPAUL INDUSTRIES, INC., an Oregon corporation, | Case No. 3:21-cv-1792-HL |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| | (1) Declaratory judgment |
| vs. | (2) 42 U.S.C. § 1983 |
| CITY OF PORTLAND, a municipal corporation, | |
| Defendant. | |

In March 2020, the City of Portland passed a resolution requiring all City contractors performing janitorial, unarmed security and industrial laundry services to obtain a "labor peace agreement" from a union representing those categories of employees. The City amended this requirement on July 20, 2022, but unfortunately, the amended requirement is still deficient. The National Labor Relations Act preempts the amended requirement because (1) as City records reenforce, the resolution was created in order to regulate labor relations and give unions "in roads" (*see* Ex. 3); and (2) the City, through the Mayor's office, is the ultimate arbiter of whether a contractor must agree to the terms a union proposes as part of a labor peace agreement.

Furthermore, because Plaintiff is an Oregon Forward contractor providing employment

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

opportunities to those experiencing disabilities, it is governed by the statewide Oregon Forward Program. The labor peace requirement therefore is not a requirement that the City may impose on Oregon Forward contractors such as DePaul.

Finally, the requirement violates the Equal Protection Clause, and Article 1, section 20 of the Oregon Constitution, by singling out types of work without justification—other than providing "in roads" to a favored union.

## PARTIES

1.      Plaintiff DePaul Industries, Inc. ("Plaintiff") is an Oregon corporation headquartered in Northeast Portland, Oregon. Plaintiff is an Oregon Forward contractor. The Oregon Forward program is designed to create a continuous market of goods and services created and performed by persons experiencing disabilities. The Oregon Department of Administrative Services has exclusive authority to set prices of all services offered by Oregon Forward contractors such as Plaintiff. Plaintiff provides, among other things, unarmed security services to the City.[1]

2.      Defendant City of Portland ("City") is a municipal corporation.

## JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the Supremacy Clause of the Federal Constitution and the laws of the United States, including the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, and 42 U.S.C. § 1983. The Court also has jurisdiction pursuant to 28 U.S.C. §§ 2201-2202 as this is an actual controversy about which Plaintiff seeks a declaratory judgment.

4.      The Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1337(a), which provides, among other things, "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . . ." *Capital Serv. Inc. v. NLRB*, 347 U.S. 501, 504 (1954). Pursuant to that statute, federal courts have jurisdiction over claims asserting that local enactments interfere with employee activity that

---

[1] *See* https://www.oregon.gov/das/Procurement/Pages/oregonforward.aspx.

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

Congress assigned the National Labor Relations Board to regulate. *NLRB v. Nash-Finch Co.*, 404 U.S. 138, 140-41 (1971).

     5.     The Court has supplemental jurisdiction over related state law counts pursuant to 28 U.S.C. § 1367(a).

     6.     This Court has personal jurisdiction as all parties are in Multnomah County, Oregon.

     7.     Venue and divisional venue lie in this Court as all parties are located in Multnomah County and the relevant acts or omissions at issue occurred there.

**FACTUAL BACKGROUND**

A.     **The City's Sustainable Procurement Policy, Labor Peace Requirement, and Amended Labor Peace Requirement**

     8.     The City has a Sustainable Procurement Policy,[2] which first was enacted in 2003. It is a "Binding City Policy." City Code 1.07.020 defines that term as "statements of the City Council, expressed in a resolution or ordinance, that are directed to future decision-making or procedure and have binding effect or serve as mandatory approval criteria." The Sustainable Procurement Policy is known as ADM-1.09.

     9.     On March 25, 2020, the Portland City Council adopted Resolution 37483. Among other things, that Resolution amended ADM 1.09 to include a "Labor Peace" requirement for all janitorial, security, and industrial laundry service contracts. A copy of the March 25, 2020 labor peace requirement is attached as <u>Exhibit 1</u> and incorporated herein by this reference.

     10.     Plaintiff filed the initial complaint in this lawsuit on December 10, 2021.

     11.     On July 20, 2022, the City Council passed a resolution amending the labor peace requirement. A copy of the amended labor peace requirement is attached as <u>Exhibit 2</u> and incorporated by this reference (the "Amended Labor Peace Requirement").

     12.     Despite its stated policy of neutrality, the City intended the Labor Peace Requirement to provide "in roads" to unions representing janitorial, unarmed security and

---

[2] *Available at* https://www.portlandoregon.gov/citycode/article/24473.

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

laundry workers, such as non-party SEIU Local 49. Here is how Derek Bradley, Commissioner

Hardesty's Policy Director and architect of the Labor Peace Requirement, described the policy

(while also indicating that its true purpose should not be disclosed):

**Here are the notes from Derek's debrief**

Makes it so that when the city contracts out janitorial, laundry, or security , the company must meet 1 of 2 factors
  1. Workforce must be unionized
  2. Workforce must sign a labor peace agreement with their employer that working conditions and business practices are fair, safe, non-exploitive, fair work week, etc.

Employer and city agrees they will not strike during duration of contract unless working conditions significantly change. Allows unions to build in roads into non-unionized shops with an assurance that employers won't stand in the way of unionization efforts (Don't include in public message). Unions are neutral arbitrator to help non-organized workforce create agreements with their employer. Our office has been deeply engaged in getting this passed. Message from the city is to focus on promoting this as helpful to maintaining critical services.

*See* Exhibit 3.[3]

13.     The Labor Peace Requirement was created through at least one meeting between

Derek Bradley and non-party SEIU Local 49, which represents janitorial, unarmed security and

industrial laundry workers. It does not appear from public records that any other union was

invited to these meetings, and no contractors were.

14.     The Amended Labor Peace Requirement vests in the Mayor's Office the ultimate

power to decide whether a contractor subject to the Amended Labor Peace Requirement is

subject to an exception. (Ex. 2 at 2.)

**B.     The City Intends to Apply the Labor Peace Requirement to Plaintiff Going Forward**

15.     In November 2021, Plaintiff and the City began to finalize a Work Order Contract

pursuant to which Plaintiff would perform unarmed security services in certain Portland parks.

The effective date of the contract was to be December 1, 2021.

16.     As of December 1, 2021, the parties had agreed on all contract terms and it was

ready to be signed, but Plaintiff had not obtained a labor peace agreement.

17.     Plaintiff was (and remains) reluctant to obtain a labor peace agreement due to the

experience its sister company had in doing so. There, SEIU Local 49 presented a lopsided,

overreaching and unconscionable contract. For example, the SEIU Local 49's proposed labor

---

[3] Mr. Bradley responded to the email containing this summary, "Looks good to me!" Ex. 3 at 1.

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

peace agreement sought to cover its entire jurisdiction—Columbia, Clackamas, Multnomah and Washington Counties in Oregon, and Clark County in Washington—not just work performed for the City.

18.     Worse, SEIU Local 49 forbade oversight or scrutiny. The proposed labor peace agreement mandated a "recognition procedure" whereby Plaintiff's sister company would have to recognize the union by card check, to have the SEIU Local 49 become the representative of the employees without certification by the National Labor Relations Board, and contained a confidentiality provision. In addition, the SEIU Local 49's proposed Labor Peace Agreement purported to require Plaintiff's sister company to violate the NLRA by contributing support to its unionizing efforts.

19.     On December 7, 2021, the City notified Plaintiff that the City would not award the parks security services contract to Plaintiff because it did not obtain a labor peace agreement.

20.     When Plaintiff filed its initial complaint on December 10, 2021, the parties agreed to waive the Labor Peace Requirement as to Plaintiff and Northwest Success until this action resolves.

21.     After the City enacted the Amended Labor Peace Requirement in 2022, it notified Northwest Success that it must comply with the Amended Labor Peace Requirement in connection with the renewal of that organization's contract to provide janitorial services.

22.     Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the City intends to enforce the Amended Labor Peace Requirement against Plaintiff and other Oregon Forward contractors.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

### (Count 1, NLRA preemption)

23.     Plaintiff incorporates and realleges the foregoing paragraphs as though set forth here in full.

24.     The Supremacy Clause of the Federal Constitution authorizes Congress to enact

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

legislation preempting state and local laws. The NLRA is one such law. In passing the NLRA, Congress has struck a delicate balance between the rights of private employers, employees, and unions involved in organizational efforts. Congress also established a comprehensive regulatory scheme to ensure that this balance is maintained and enforced under the exclusive jurisdiction of an expert agency: the National Labor Relations Board.

25.     A live controversy exists that is ripe for determination and that would be redressable through equitable relief. Through its actions and statements, the City has made clear that it intends to enforce the Amended Labor Peace Requirement against Plaintiff and other contractors that would provide janitorial, unarmed security, and industrial laundry services to the City.

26.     The Amended Labor Peace Requirement conflicts with, regulates, and readjusts the delicate balance of rights Congress struck in the NLRA. It strips employers, employees, and unions of rights they have under the NLRA, and deprives the NLRB of its exclusive jurisdiction to determine whether, when, and how union organizing will take place, and purports to vest in the Mayor the ability to determine whether either an employer meets an exception to the Amended Labor Peace Requirement. The NLRA therefore preempts the Amended Labor Peace Requirement by virtue of the Supremacy Clause of the United States Constitution. Plaintiff seeks a declaration from this Court that the NLRA preempts the Amended Labor Peace Requirement, and that the Amended Labor Peace Requirement therefore is invalid.

27.     Plaintiff also seeks temporary, preliminary or permanent injunctive relief enjoining Defendants from enforcing the Amended Labor Peace Requirement.

**(Count 2, impermissible condition on Oregon Forward contractors)**

28.     Plaintiff incorporates and realleges all foregoing paragraphs as though set forth here in full.

29.     ORS 279.835 to 279.855, and OAR 125-055-0005 to 125-455-0045, embody the State's general policy to "encourage and assist individuals with disabilities to achieve maximum

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

personal independence." *See* ORS 279.840 (so stating).

30.     ORS 279.845(2) requires the Oregon Department of Administrative Services ("DAS") to maintain a list of approved Oregon Forward contractors and the products and services they provide in each county.

31.     ORS 279.850(1)(a) mandates: "a public agency that intends to procure a product or service on the procurement list that the Oregon Department of Administrative Services established under ORS 279.845 shall, in accordance with the department's rules, procure the product or service at the price the department establishes from a qualified nonprofit agency for individuals with disabilities, provided that the product or service is of the appropriate specifications and is available within the period the public agency requires."

32.     ORS 279.850(1)(b) provides two exceptions to the mandate of ORS 279.850:

    A.  All of the qualified nonprofit agencies for individuals with disabilities on the procurement list that applies to the public agency have a record in the previous three years of repeatedly violating, or are not now in compliance with, applicable local ordinances or resolutions that govern labor standards; and

    B.  The person, for a period of 90 days after the person enters into an agreement with the public agency, offers to employ the employees of a qualified nonprofit agency for individuals with disabilities from which the public agency would have procured the product or service but for the failure of the qualified nonprofit agency for individuals with disabilities to comply with an applicable local ordinance or resolution that governs labor standards.

33.     ORS 279.850(1)(c) provides, among other things, that if there are multiple Oregon Forward contractors who can provide a good or service, a public agency may choose the one that "[c]omplies with all applicable local ordinances and resolutions that govern labor standards."

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

34.     ORS 279.850(2)(a) provides that a public agency "may require in any agreement with [an Oregon Forward contractor] . . . that the [contractor] comply with applicable local ordinances or resolutions that govern labor standards."

35.     ORS 279.850(2)(b) permits a public agency to disqualify an Oregon Forward contractor for three years if the public agency:

> A.  Determines that the qualified nonprofit agency for individuals with disabilities repeatedly violated local ordinances or resolutions that govern labor standards during the term of an agreement with the public agency under ORS 279.835 to 279.855; or
>
> B.  Finds that the qualified nonprofit agency for individuals with disabilities has a record in the previous three years of repeatedly violating applicable local ordinances or resolutions that govern labor standards.

36.     The City has taken the position that it may enforce the Amended Labor Peace Requirement against Oregon Forward contractors because, in the City's view, that requirement is a local ordinance or resolution that governs labor standards.

37.     Plaintiff argues that the text, context, and legislative history of ORS 279.835 to 279.855 demonstrates that the Amended Labor Peace Requitement is not a local ordinance or resolution that governs labor standards because the requirement is not a "labor standard" itself, nor does it "govern" "labor standards."

38.     Plaintiff faces the prospect of being disqualified from contracting with the City for three years, or of being passed over in favor of an Oregon Forward contractor that agrees to comply with the Amended Labor Peace Requirement, if Plaintiff does not comply with what it views as an invalid requirement.

39.     Plaintiff respectfully requests a declaratory judgment that the Amended Labor Peace Requirement is not a "local ordinance or resolution that governs labor standards" as that

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

phrase is used in ORS 279.850.[4]

40.    Plaintiff also seeks temporary, preliminary and permanent injunctive relief enjoining the City from enforcing the Amended Labor Peace Requirement against Plaintiff.

### (Count 3, Oregon Constitution Art. 1, section 20)

41.    Plaintiff incorporates and realleges paragraphs 1 through 17 as though set forth here in full.

42.    Article 1, section 20 of the Oregon Constitution requires that privileges and immunities be available on an equal basis: "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

43.    As Exhibit 3 demonstrates, the purpose of the Amended Labor Peace Requirement was to privilege labor unions over other private organizations by giving them "in roads."

44.    The City lacked legitimate justification for privileging unions over other private organizations.

45.    Plaintiff respectfully requests a declaratory judgment that the Amended Labor Peace Requirement violates Article 1, section 20 of the Oregon Constitution and therefore is void.

46.    Plaintiff also seeks temporary, preliminary and permanent injunctive relief enjoining the City from enforcing the Amended Labor Peace Requirement.

### SECOND CLAIM FOR RELIEF

### (42 U.S.C. § 1983 – Equal Protection)

### (Against the City)

47.    Plaintiff incorporates and realleges all prior paragraphs as though set forth here in

---

[4] Although DAS has defined that phrase through rulemaking, Plaintiff's claim is rooted in the statutory text and not the DAS rule.

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

full.

48.     The City has deprived Plaintiff of equal protection of the laws pursuant to the Fourteenth Amendment to the Federal Constitution.

49.     The City has singled out contractors, such as Plaintiff, that contract with the City to provide janitorial services, unarmed security, and industrial laundry. Contractors performing these services are the only ones subject to the Amended Labor Peace Requirement.

50.     The City lacks a legitimate basis for this distinction among contractors. Indeed, as Exhibit 3 indicates, as do other public records uncovered so far, it appears that the City created this distinction in order to give a favored union, SEIU Local 49, which represents workers in those categories, "in roads" into City contractors such as Plaintiff.

51.     The City has damaged Plaintiff in an amount according to proof but not less than nominal damages.

52.     Plaintiff respectfully requests a declaration that the Amended  Labor Peace Requirement violates the Equal Protection Clause.

53.     Plaintiff also seeks temporary, preliminary and permanent injunctive relief enjoining the City from enforcing the Amended Labor Peace Requirement.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A.     A judgment declaring that the National Labor Relations Act preempts the Amended Labor Peace Requirement, which therefore is invalid;

B.     A judgment declaring that the Amended Labor Peace Requirement is not a "local ordinance[] or resolution[] that govern[s] labor standards within the meaning of ORS 279.835-.855;

C.     A judgment declaring that the Amended Labor Peace Requirement violates Article 1, section 20 of the Oregon Constitution and therefore is void;

D.     A judgment declaring that the Amended Labor Peace Requirement violates the Equal Protection clause of the Fourteenth Amendment to the Federal Constitution;

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800

E.   With respect to Counts 1 and 3 of the First Claim for Relief, and to the Second Claim for Relief, a temporary, preliminary or permanent injunction restraining Defendants and their agents from enforcing the Labor Peace Requirement.

F.   With respect to Count 2 of the First Claim for Relief, a temporary, preliminary or permanent injunction restraining Defendants and their agents from enforcing the Labor Peace Requirement against Oregon Forward contractors;

G.   With respect to Count 2 of the First Claim for Relief, reasonable attorney fees based on the substantial benefit a ruling in Plaintiff's favor would confer on all OFP contractors currently or subsequently certified by DAS to provide goods or services in Multnomah County;

H.   With respect to the Second Claim for Relief, actual damages, nominal damages, reasonable attorney fees and expert fees pursuant to 42 U.S.C. § 1988;

I.   An award of costs; and

J.   Such further relief as the Court deems necessary or just.


DATED this 14th day of October, 2022.          SNELL & WILMER L.L.P.


_s/ Clifford S. Davidson_
Clifford S Davidson, OSB No. 125378
Drew L. Eyman, OSB No. 163762
Attorneys for Plaintiff DePaul Industries, Inc.


4873-4016-2102

Snell & Wilmer
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
503.624.6800